## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Allen Charles Thomas, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER GRANTING RESPONDENT'S** |
| | ) | **LIMITED MOTION TO DISMISS AND** |
| vs. | ) | **DEEMING RESPONDENT'S MOTION** |
| | ) | **EXTENSION OF TIME TO ANSWER** |
| James Sayler, Warden, | ) | **MOOT** |
| | ) | |
| Respondent. | ) | Case No. 1:22-cv-081 |

Petitioner Allen Charles Thomas ("Thomas") is an inmate at the North Dakota State Penitentiary.  He initiated the above captioned action in May 2022 with the submission of an Application to Proceed In Forma Pauperis, which the court granted, and a Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254.  Before the Court are Respondent's Limited Motion to Dismiss and a Motion for an Extension of Time to File An Answer.   For the reasons that follow, Respondent's Limited Motion to Dismiss is granted , Respondent's Motion for an Extension of Time to File an Answer is deemed moot, and Thomas's habeas petition is dismissed.

I.      **BACKGROUND**

A.      **Underlying Criminal Proceedings**

Thomas was charged in Kidder County District Court with 1 count of arson and 18 counts of endangering by fire or explosion. (Doc. No. 8-1).  At his trial in August 2013 the jury the found him guilt of all counts. (Id.).  On November 13, 2013, the Kidder County District Court entered a criminal judgment sentencing him to 10 years imprisonment on the 1 count of arson and 2 years imprisonment on each of the remaining 18 counts, with all sentences running consecutively.  (Doc. No. 8-2).

Thomas directly appealed the Kidder County District Court's judgment to the North Dakota Supreme Court, asserting there was insufficient evidence to sustain to the jury's verdict. (Doc. Nos. 8-3, 8-4). On June 18, 2014, the North Dakota Supreme court issued a per curiam opinion affirming the Kidder County District Court's judgment. (Doc. No. 8-4). The mandate was issued on September 12, 2014. (Doc. No. 8-3). Thomas did not petition the United States Supreme Court for a writ of certiorari.

    **B.**     **State Post-Conviction Proceedings**

On November 24, 2014, Thomas filed an application for post-conviction relief with the Kidder County District Court. (Doc. No. 8-5). On January 6, 2016, the Kidder County District Court issued an memorandum opinion and order denying Thomas's application. (Id.). It entered final judgment on February 12, 2016. (Id.).

On February 19, 2016, Thomas filed an notice of appeal from the Kidder County District Court's order deny his application with the North Dakota Supreme Court. (Doc. No. 8-7). On July 6, 2016, the North Dakota Supreme Court issued an order dismissing Thomas's appeal for failure to proceed under the rules of appellate procedure. (Doc. No. 8-8). Its mandate issued on July 7, 2016. (Doc. No. 8-7),

On July 18, 2018, Thomas filed a second application for post-conviction relief with the Kidder County District Court. (Doc. No. 8-9). On August 19, 2019, the Kidder County District Court issued an order summarily dismissing the second application on the ground that Thomas was seeking the same or similar relief to the relief sought in his first application. (Doc. No. 8-10). Thomas did not appeal.

### C.        Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254

Thomas lodged a habeas petition with this court on May 9, 2022.  (Doc. No.1).  He filed an application to proceed in forma pauperis and a certificate of inmate account on May 19, 2022. (Doc. No. 2). That same day the Clerk's office filed his habeas petition.  (Doc. No. 3).  The court subsequently issued order granting Thomas's application to proceed in forma pauperis and ordering Respondent to answer.  (Doc. Nos. 5,6).

On June 1, 2022, Respondent filed a Limited Motion to Dismiss and Motion for Extension of Time to File Answer.  (Doc. Nos. 7, 10).  He requests that the court dismiss Thomas's habeas petition as untimely.  Additionally, he requests additional time to file an answer to Thomas's habeas petition should the court deny his Limited Motion to Dismiss or take some other action.

On June 21, 2022, Thomas filed a motion requesting additional time to respond to Respondent's motions.  (Doc. No. 13).  The court granted Thomas's request and extended his deadline for responding to Respondent's motions until August 26, 2022.  (Doc. No. 15).

On September 6, 2022, Thomas filed a response to Respondent's motions.  (Doc. No. 16). Therein he does not squarely address Respondent's assertion that his habeas petition is untimely. Rather, he asserts that he is a developmentally disabled adult with little education who as the victim of an unfair trial due to ineffective assistance of counsel.  He further asserts that he "was the victim of 'gross negligence' as he was told numerous times by his attorney that his appeal was still pending and open."  (Id.).

## II.    DISCUSSION

### A.        Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute

of limitations for filing federal habeas petitions. See 28 U.S.C. § 2244(d)(1). The limitation period

runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct
        review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State
        action in violation of the Constitution or laws of the United States is
        removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by
        the Supreme Court, if the right has been newly recognized by the Supreme
        Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could
        have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Subsection (A) is applicable in this instance.

The running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

(i)     the conclusion of all direct criminal appeals in the state system, followed by
        either the completion or denial of certiorari proceedings before the United
        States Supreme Court; or

(ii)    if certiorari was not sought, then by the conclusion of all direct criminal
        appeals in the state system followed by the expiration of the time allotted for
        filing a petition for the writ.

King v. Hobbs, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing Gonzalez v. Thaler, 565 U.S 134, 149-

151 (2012)); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). The statute of limitations

may be tolled while a properly filed application for state post-conviction or other collateral review

is pending. 28 U.S.C. § 2244(d); see also Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002)

(discussing what constitutes a "pending" application for the purposes of 28 U.S.C. 2244(d)(2)). It

may also be tolled as a mater of equity. "A state postconviction action 'remains pending' for the

purpose of federal tolling 'until the application has achieved final resolution through the State's

postconviction procedures.'" <u>Steen v. Schuetzle</u>, 326 Fed. App'x 972, 973 (8th Cir. 2009) (quoting

<u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002)).   A postconviction proceeding appealed to the North

Dakota Supreme Court remains pending until the Court issues its mandate.  <u>Steen</u>, 326 Fed. App'x

at 974 (citing <u>Finch v. Backes</u>, 491 N.W.2d 705, 707 (N.D. 1992); N.D.C.C. § 28-05-10).

 Respondent asserts that Thomas failed to file his petition within the one-year limitations

period established by AEDPA.  His assertion is borne out by the record.

 As noted above, the North Dakota Supreme Court issued its order affirming Thomas's

conviction on June 18, 2014.   As Thomas did not petition the United States Supreme Court for a

writ of certiorari, his conviction was final for purposes of AEDPA on or about September 16, 2014.

<u>See</u> § 2244(d)(1)(A)(ii); <u>see</u> <u>also</u> Sup. Ct. R. 13)(1) (requiring petitions for a writ of certiorari to be

filed within 90 days after entry of the judgment); Sup Ct. R. 13(3) ("The time to file a petition for

a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and

not from the issuance date of the mandate (or its equivalent under local practice).").

 AEDPA's limitations period was tolled from November 24, 2014,  the date on which Thomas

his filed first application for post-conviction relief with the Kidder County District Court, until on

July 6, 2016,  the date on which the North Dakota Supreme Court issued its mandate disposing of

Thomas's appeal from the Kidder County District Court's order dismissing his application.

 AEDPA's limitations period began to run on July 7, 2016.  More than two years passed until

Thomas filed his second application for post conviction relief with the Kidder County District Court.

More than five years passed until Thomas filed a habeas petition with this court.   Thus, it

abundantly clear that Thomas file his habeas petition with this court outside of AEDPA's one-year

limitations period.

B.      Equitable Tolling

Equitable tolling can be available to save an untimely petition.  Holland v. Florida, 560 U.S. 631, 645 (2010). However, it should be noted that equitable tolling is available only in very narrow range of cases.  Id. at 645 (2010); Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013); see also Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly.") (internal quotation marks omitted)).  A petitioner claiming equitable tolling must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland , 560 U.S. 631, 645 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Sossa v. Diaz, 729 F.3d 1225, 1229 (9th Cir. 2013) ("[E]quitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the prisoner's untimeliness.").  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland , 560 U.S. at 653 (internal quotations and citations omitted).

Thomas attributes the delay in filing the instant petition to his attorney's gross negligence. However, it is well settled that attorney negligence does not constitute the basis for equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel. See Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); Maples v. Thomas, 565 U.S. at 266 228 ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause' [for excusing a procedural default relating to a filing deadline].... because the attorney is the prisoner's agent, and under

well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent.") (citation and quotation marks omitted)); Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("Attorney ignorance or inadvertence is not 'cause' [for excusing a procedural default relating to a filing deadline] because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." (quotation marks omitted)); see also Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); see e.g., Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir.2003)11 (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling" (internal quotation marks omitted)); Fierro v. Cockrell, 294 F.3d 674, 683 (5th Cir.2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the] habeas petition in the district court within the one-year limitations period."); Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir.1999) (holding that a lawyer's miscalculation of the limitation period was not a valid basis for equitable tolling); Gilbert by Gilbert v. Sec. of Health & Human Servs., 51 F.3d 254, 257 (Fed.Cir.1995) ("The negligence of Gilbert's attorney does not justify applying equitable tolling."). Consequently, any negligence attributed by Thomas to counsel does not constitute an extraordinary circumstance and does not operate equitably toll the statute of limitations in this case.

Having reviewed the record, the court finds that Thomas has failed to demonstrate that he

pursued his rights diligently and that extraordinary circumstances prevented him from timely filing his petition.

### III.   CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if the applicant has made a substantial showing of the denial of a constitutional right.  When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also, U.S. v. Lambros, 404 F.3d 1034, 1036 -1037 (8th Circ. 2005); Garrett v. U.S., 211 F.3d 1075, 1076 -1077 (8th Cir. 2000).  When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

Based on the authority cited above, it is clear that Thomas has not met his burden with respect to the issuance of a certificate of appealability.  Reasonable jurists would not debate over the correctness of this court's dismissal of Thomas's habeas petition as untimely.

### IV.   CONCLUSION

Respondent's Limited Motion to Dismiss (Doc. No. 7) is **GRANTED**.  Respondent's Motion for Extension of Time to File Answer (Doc. No. 10) is deemed **MOOT.**  Thomas's habeas petition (Doc. No. 3) is **DISMISSED**.  No certificate of appealability shall be issued to Thomas.

**IT IS SO ORDERED.**

Dated this 6th day of September, 2022.

<div style="margin-left: 40%;">

/s/ Clare R. Hochhalter

Clare R. Hochhalter, Magistrate Judge

United States District Court

</div>